UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| FRED LEICHT, | : | Case No. C-1-00-853 |
| Plaintiff, | : | (Judge Dlott) |
| v. | : | |
| AUTOZONE, INC., et al, | : | |
| Defendant. | : | |

**MOTION TO AMEND THE CLASS DEFINITION AND FOR ORDER
PRELIMINARILY APPROVING SETTLEMENT, APPROVING FORMS
AND DISTRIBUTION OF NOTICE TO THE CLASS MEMBERS, AND
SCHEDULING A FINAL FAIRNESS HEARING**

Counsel for Plaintiffs, who have brought this action seeking to represent a class composed of all persons, male and female, formerly and/or presently employed by Defendants at any time within the past three years, who: (a) are and/or were paid by Defendants on an hourly basis; and (b) worked at any of Defendants' stores located in Hamilton County, Ohio, hereby move for an Order amending the class definition and preliminarily approving settlement, approving forms and distribution of notice to class members, and scheduling a final fairness hearing. In support of their Motion Plaintiffs state as follows:

1. On October 10, 2000, Plaintiff filed this Class Action Complaint. By order dated October 10, 2002, the Court certified plaintiff's state law claim as a class action. The class as certified by the Court is described as follows: **All persons who were employed by AutoZone at Store 705 in Hamilton County, Ohio during the period beginning**

1

**October 10, 1997 and ending June 30, 2000 whose employee time records were altered.**

2.     The parties agree that the class definition should be amended to clarify that those in the class are hourly employees or former employees, not salaried, as the evidence suggests that it was the hourly employees whose time was altered.

3.     Defendants AutoZone, Inc. and AutoZone Stores, Inc. (hereinafter "AutoZone") and Counsel for the Plaintiff Class have agreed that the payment of funds by AutoZone to Class Members as set forth in this Agreement is preferable to the time and expense that would be necessary to continue this litigation.  AutoZone and class counsel have agreed to the payment of those funds set forth in the Agreement of Compromise and Settlement (the "Settlement Agreement," a copy of which is attached hereto as Exhibit A).  They believe such a settlement will be more beneficial to all concerned than continued litigation.

4.     The parties have satisfied the standard for preliminary approval of class certification and settlement.  "If the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, then the Court should direct that notice be given to the class members of a formal fairness hearing, at which evidence may be presented in support and in opposition to the settlement." *Manual for Complex Litig.* § 30.44 (2d ed. 1985).  In light of this standard, and based on the following, this Court should preliminarily approve the Settlement Agreement.

Plaintiffs' Counsel have concluded that the proposed Settlement, which pays to Class Members a percentage of the Settlement Fund based upon the time the Class Member was employed by AutoZone during the relevant time period, provides a fair conclusion to this litigation. The proposed settlement also would compensate the named plaintiff fairly for the time he has spent pursuing this litigation, would pay all costs incurred in this litigation, and would satisfy counsel's statutory claim for attorney fees separate from the Settlement Fund.

5.      This Court should appoint the law firm of Freking and Betz and Carol S. Wood as the administrators of the Settlement Fund, with the duties set forth in the Settlement Agreement.

6.   The law favors settlement of class actions, and this Court should base "its preliminary approval of a proposed settlement upon its familiarity with the issues and evidence of the case as well as the arms-length nature of the negotiation prior to the settlement." *In Re: Southern Ohio Correctional Facility*, 173 F.R.D. 205, 211 (S.D. Ohio 1997; Spiegel, J.), citing *In Re: Dun & Bradstreet Credit Serv. Customer Litig.*, 130 F.R.D. 366, 369 (S.D. Ohio 1990; Weber, J.). Based upon discovery, the pleadings that have been filed, the arms-length negotiations, and the judgment of trial counsel, this Court should preliminarily determine that the proposed settlement is "fair, adequate, and reasonable, as well as consistent with the public interest." *Bailey v. Great Lakes Canning, Inc.*, 908 F.2d 38, 42 (6th Cir. 1990); *Southern Ohio Correctional Facility*, supra, 173 F.R.D. at 212.

7.	This Court should also approve the forms of notice and the Plan for dissemination of notice. *See, e.g., Quigley v. Braniff Airways, Inc.*, 85 F.R.D. 74, 77 (N.D. Tex. 1979) (Rule 23(e) "leaves the Court with virtually complete discretion as to the manner and method of notice"). As more fully described in the Plan for Notice of Settlement, attached hereto as Exhibit B, the Plan for notice and the contents of the proposed forms of notice are fair and reasonable. As reflected in the Plan and the forms of class notice, the parties have complied with Federal Rule of Civil Procedure 23(e) and the requirements of due process. *See, e.g., In Re: Drexel Burnham Lambert Group, Inc.*, 130 B.R. 910, 924 (S.D.N.Y. 1991), *aff'd*, 960 F.2d 285 (2d Cir. 1992). Additionally, in order to resolve this dispute efficiently, the Court should direct the Clerk of Court to provide counsel of record with a copy of any request for exclusion from the class.

8.	The Court should also schedule a Fairness Hearing in order to have before it all required information necessary to determine that class certification is proper and that the settlement should be approved. *See Manual for Complex Litig.* § 30.44. The Fairness Hearing will provide a forum for proponents and opponents of the Settlement Agreement to explain and describe (or challenge) the terms and conditions of the class certification and settlement, including the fairness, adequacy and reasonableness of the settlement. This information will be incorporated into the various forms of notice.

**CONCLUSION**
For the foregoing reasons, Plaintiffs' Counsel respectfully request this Court to enter an Order preliminarily approving settlement and the method and forms of notice, and scheduling a final Fairness Hearing. A proposed Order is attached hereto as Exhibit C.

4

Respectfully submitted,

*[signature]*

Randolph H. Freking (00009158)
Mark W. Napier (0019700)
Freking & Betz
215 E. Ninth Street
Fifth Floor
Cincinnati, Ohio 45202
Phone: (513) 721-1975
Fax: (513) 651-2570

and

Carol S. Wood (0040739)
3016 Lischer Avenue
Cincinnati, Ohio 45211
Phone: (513) 662-7227
COUNSEL FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon Marc S. Blubaugh, Benesch, Friedlander, Coplan & Aronoff LLP, 88 East Broad Street, Suite 900, Columbus, Ohio 43215 and Walter W. Christy, Frilot, Partridge, Kohnke & Clements, L.C., 3600 Energy Centre, 1100 Poydras Street, New Orleans, Louisiana 70163 by regular U. S. Mail this 2nd day of ~~May~~ Sept., 2004.

*[signature]*

5