

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| FRED LEICHT, | : | Case No. C-1-00-853 |
| Plaintiff, | : | (Judge Dlott) |
| v. | : | |
| AUTOZONE, INC. et al, | : | |
| Defendant. | | |

### AGREEMENT OF COMPROMISE AND SETTLEMENT

Defendants, AutoZone, Inc. and AutoZone Stores, Inc. (hereinafter "AutoZone"), and the Settlement Class Members (as hereinafter defined), by and through counsel, hereby enter into this Agreement of Compromise and Settlement providing for settlement of the claims herein described against AutoZone pursuant to the terms and conditions set forth below, and subject to the approval of the Court. By entering into this agreement, AutoZone in no way admits liability to the settlement class members or to anyone else.

### BACKGROUND

On October 17, 2000, Plaintiff filed this Class Action and Collective Action Complaint. On April 15, 2002, Plaintiff filed a motion for class certification. By order dated October 10, 2002, the Court certified the state law claim as a class action, defining the class as: All persons who were employed by AutoZone at Store 705 in Hamilton County, Ohio during the period beginning October 10, 1997 and ending June

1

30, 2000 whose employee time records had been altered. AutoZone and Class Counsel have agreed that the payment by AutoZone to Class Members as set forth in this Agreement is preferable to the time and expense that would be necessary to continue this litigation. AutoZone has provided Plaintiffs' Counsel with the computerized time records of the class members for the time period specified by the order granting class certification, as well as a list of each employees' highest hourly rate while employed by AutoZone.

## **GENERAL TERMS**

NOW, THEREFORE, AutoZone and Settlement Class Members, desiring to settle the disputes existing between them, subject to the terms set forth below which are the result of arms-length negotiations between Counsel for AutoZone and Counsel for Plaintiffs, agree as follows, subject to the approval of the Court:

1. The Settlement Class shall consist of all persons who were employed by AutoZone at Store 705 in Hamilton County, Ohio during the period beginning October 10, 1997 and ending June 30, 2000 whose employee time records were altered, and who were paid on an hourly basis.

2. If the Court does not order final approval of the settlement, Settlement Class Members and AutoZone shall return to the status of the claims and defenses immediately prior to the execution of this Agreement.

3. Counsel for all parties represent and warrant that they have the authority to enter into this Agreement.

## THE SETTLEMENT FUND

Within ten business days after the final approval of this Agreement AutoZone shall transmit a certified or cashier's check for $13,000.00 to the law firm of Freking & Betz. The check shall be payable to Freking & Betz and shall be deposited by Freking & Betz into an escrow account. It shall be referred to herein as the "the Fund." In addition, AutoZone shall, within ten days of the final approval of this agreement by the Court, transmit a certified or cashier's check in the amount of $60,000.00 made payable to Freking & Betz and Carol S. Wood in full payment of attorneys' fees. In addition, within ten days of the final approval of this agreement by the Court, AutoZone shall transmit to Carol S. Wood a check made payable to Fred Leicht in the amount of $4881.92 representing the total amount of costs he has incurred in prosecuting this lawsuit plus $2000.00.

## THE MASTER

In their Motion for Preliminary Approval, Plaintiffs' counsel will request the Court to appoint Freking & Betz and Carol S. Wood to administer all funds, notices and claims contemplated by this Agreement.

## REQUIRED EVENTS

1. Within seven business days after full execution of this Settlement Agreement, the Settlement Class Members shall move the Court for an order preliminarily approving this Settlement Agreement and requesting that for purposes of settlement, the definition of the class be amended to specify that class

3

membership is also limited to hourly employees. The motion shall propose a newspaper advertisement giving notice of the date of the Fairness Hearing. It shall also propose a first-class mailed notice to each member of the Settlement Class containing a Proof of Claim substantially similar to the form claim attached hereto as Appendix 1, which requires the Settlement Class Member to provide a name and current address, and the approximate time period during which he or she was employed by AutoZone for purposes of verification of the class list supplied by AutoZone, as well as the date and time of the Fairness Hearing. All Settlement Class Members submitting a valid Proof of Claim shall be considered "Qualified Settlement Class Members."

2. Qualified Settlement Class Members shall receive a *pro rata* payment from the Fund based upon the length of time each Qualified Settlement Class Member was employed by AutoZone during the relevant time period. Proofs of Claim must be postmarked forty-five (45) days or less from their mailing date in order to qualify a Settlement Class Member for payment.

3. Payments to Qualified Settlement Class Members shall be made within forty-five (45) business days of Final Approval of the Settlement by the Court, or at such other time as the Court shall order.

4. Any check sent to a Qualified Settlement Class Member and not deposited within sixty (60) days of the date of mailing shall be voided, and the sum of said unclaimed funds, less any bank and other charges necessarily incurred, shall be returned to AutoZone.

5. Payments made pursuant to this Agreement shall be conclusive as against all Class Members, whether qualified or not, who have not opted out of the Settlement. No person shall have a claim against AutoZone, AutoZone's Counsel, or Counsel for the Settlement Class, based upon such person's disagreement with a distribution made substantially in accordance with this Agreement or further orders of the Court.

6. Any Settlement Class Member whose Proof of Claim is rejected shall receive written notice of that rejection. If said Settlement Class Member disputes said determination he or she may appeal to a Magistrate Judge for the Court, as designated by the Court, within fourteen days of the receipt of notice that he or she has not qualified. The submissions and exhibits filed in support and in opposition to the appeal shall be in writing and limited to fifteen pages in length. The determination of the Magistrate Judge shall be final.

## EXCLUSION FROM THE CLASS

7. Any Settlement Class Member who wishes to be excluded from the Class must send a letter by first-class mail setting forth his/her name and present address, and a statement that he or she wishes to be excluded from the Class. Said letter must be postmarked on or before _____, and be addressed to the Clerk of Court.

8. If a Settlement Class Member does not request exclusion in a writing postmarked on or before _____, he or she shall be included in the Class, but his or her claim will not be included in the Settlement unless he or she completes

5

and mails the Proof of Claim form so that it is postmarked on or before 45 days from their mailing date.

## SETTLED CLAIMS, COVENANT NOT TO SUE AND RELEASE

9. AutoZone and Settlement Class Members desire and intend that this Agreement apply to and settle all Claims. AutoZone shall not be subject to liability or expense of any kind to the Settlement Class Members with respect to any claim resolved by this Agreement and further order of the Court. This Agreement shall be the exclusive remedy of all class members who have not opted out of the class including all Settlement Class Members against AutoZone concerning their claims pursuant to Ohio Revised Code 4111.01 *et seq.*, and in the case of Plaintiff Fred Leicht, for his federal claims under 29 U.S.C. 201 *et seq.* as well as his state claim.

10. When this action is dismissed each Settlement Class Members shall be deemed to have covenanted and agreed that he or she will forever refrain from instituting, maintaining, or proceeding against AutoZone, its and their heirs, executors, administrators, assigns, insurers, officers, shareholders, employees, successors-in-interest, and predecessors-in-interest, on any claim set forth in the Complaint in this case, and that he or she releases, acquits, and forever discharges AutoZone, its and their assigns, insurers, officers, shareholders, employees, successors-in-interest, and predecessors-in-interest, from all claims and demands of whatever nature, actions and causes of action, damages, punitive damages, costs, loss of services, attorney fees, costs of litigation, humiliation,

6

embarrassment, mental anguish, injury to reputation, and money benefits or compensation of any kind on account of or in any way arising from the claims set forth in the Complaint in this case and in existence at the date of the signing of this Agreement by the last party to sign.

## COUNSEL FEES AND ADMINISTRATIVE EXPENSES

11. Counsel for the Class shall petition the Court for an award of attorney fees in the amount of $60,000.00, to be paid separately from the monies set aside for the Fund, for the expenses of litigation to be paid separately from the monies set aside for the Fund, and for an incentive award to the Class Representative Fred Leicht not to exceed $2,000, which award will be separate from the monies set aside for the Fund. Class Representative Fred Leicht shall also be entitled to participate as a Qualified Settlement Class Member to the extent his Fund pro rata share exceeds $212.42, the amount he previously received on his individual federal claim.

12. Expenses of Class Notice shall be paid by AutoZone.

13. Carol S. Wood and Randolph H. Freking shall be designated Lead Counsel for all purposes, including the distribution of any attorney fees and incentive awards which the Court shall approve.

## MISCELLANEOUS PROVISIONS

14. This Agreement shall be binding upon and inure to the benefit of AutoZone and the Settlement Class Members.

7

15. This Agreement, including the appendices hereto, constitutes the entire Agreement between AutoZone and Settlement Class Members with regard to the subject matter of this Agreement and supersedes any previous agreements and understandings among AutoZone and Settlement Class Members with respect to the subject matter hereof. It may not be modified or amended except in writing signed by all parties or their Counsel.

16. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

17. Any notice, request, instruction or other document to be given hereunder by AutoZone or by Settlement Class Members (other than class notification) shall be in writing and delivered personally or sent by United States registered or certified mail, return receipt requested, postage prepaid, if to AutoZone, to:

Walter W. Christy, Esq.
Frilot, Partridge, Kohnke & Clements, L.C.
3600 Energy Centre
1100 Poydras St.
New Orleans, LA 70163
If to the Settlement Class, to:

Randolph H. Freking, Esq.
Freking & Betz
215 E. Ninth Street
Fifth Floor
Cincinnati, OH 45202

Or at such other address for AutoZone or Settlement Class Members as shall be specified in a given notice. Any notice that is delivered personally shall be deemed to have been duly given to AutoZone or Settlement Class Members to whom it is directed upon actual receipt by AutoZone or Settlement Class

8

Members. Any Notice which is addressed and mailed in the manner herein provided shall be conclusively presumed to have been duly given to AutoZone or Settlement Class Members (other than class notification) to whom or to which it is addressed at the close of business, local time of the recipient, on the third day after the day it is so placed in the mail.

18. This Agreement shall be construed in accordance with and governed by the laws of the State of Ohio applicable to agreements made and to be performed in such jurisdiction.

19. Any term or provision of this Agreement may be waived, or the time for performance may be extended, pursuant to a written action by the party or parties entitled to the benefit thereof. Any such waiver shall be validly and sufficiently authorized for purposes of this Agreement if, as to any party, it is authorized in writing by an authorized representative of such party. The failure of any party hereto to enforce at any time any provision of this Agreement shall not be construed to be a waiver of such provision, nor in any way to affect the validity of this Agreement or any part hereof or the right of any party thereafter to enforce each and every such provision. No waiver of any breach of this Agreement shall be held to constitute a waiver of any other or subsequent breach.

## TERMINATION OF THE AGREEMENT

20. This Settlement Agreement shall, without notice, be automatically terminated if the Court, or any appellate court, denies or revokes certification of the Settlement Class.

21. Should this Agreement be terminated for any reason, or if it shall become impossible to enforce the terms of this Agreement for the benefit of the parties to it, then this Agreement shall have no further force or effect and AutoZone and Settlement Class Members will be released from all obligations arising hereunder.

*[signature]*
_____
Randolph H. Freking (00009158)
Mark W. Napier (0019700)
Freking & Betz
215 E. Ninth Street, Fifth Floor
Cincinnati, Ohio 45202
Phone: (513) 721-1975
Fax: (513) 651-2570

And

Carol S. Wood (0040739)
3016 Lischer Avenue
Cincinnati, Ohio 45211
Phone: (513) 662-7227

COUNSEL FOR PLAINTIFFS

*[signature]*
_____
Walter W. Christy,
Frilot, Partridge, Kohnke & Clements, L.C.,
3600 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163

COUNSEL FOR DEFENDANT

10