

EXHIBIT C

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| FRED LEICHT, | : | Case No. C-1-00-853 |
| Plaintiff, | : | (Judge Dlott) |
| v. | : | |
| AUTOZONE, INC. et al, | : | |
| Defendant. | : | |

### ORDER PRELIMINARILY APPROVING SETTLEMENT, AND APPROVING FORMS AND DISTRIBUTION OF NOTICE TO THE CLASS MEMBERS

After reviewing the Motion to Amend the Class Definition and for Preliminary Approval and the materials in support thereof the Court hereby preliminarily approves the Settlement Agreement and hereby Orders, subject to alteration or amendment pursuant to Federal Rule of Civil Procedure 23, the following:

1. The Agreement of Compromise and Settlement attached as Exhibit A to the Motion to Amend the Class Definition and for Preliminary Approval ("the Motion") is incorporated by reference as if fully set forth herein.

2. The proposed settlement is hereby preliminarily approved.

3. The action will be maintained on behalf of a class composed of all persons who were employed by AutoZone at Store 705, 5645 Glenway Avenue, Cincinnati, Ohio, at any time between October 17, 1997 and June 30, 2000, whose employee time records were altered and who were paid on an hourly basis.

1

4. Freking & Betz and Carol S. Wood are hereby given the duties concerning Notice to the Class Members and distribution of the Fund after final approval as set forth in the Motion.

5. Final approval of the Settlement is conditioned upon a showing, to this Court's satisfaction, that it is fair, adequate and reasonable, is in the best interest of the Class, and should be approved. Prior to such a showing and determination, and until all appeals have been exhausted, there shall be no disbursements to Class Members or Counsel for the Settlement Class for attorneys' fees or for settlement of any claim.

6. If the proposed settlement is not approved, should the Settlement Agreement be terminated for any reason, or should it become impossible to enforce it, it shall have no further force or effect, Defendant and the Settlement Class Members will be released from all obligations arising under it, and the Settlement Class Members and Counsel for the Settlement Class will have no claim to any of Defendant's funds.

7. The form and substance of the submitted notices are approved for mailing and publication as set forth in the Motion and the attachments thereto. Dissemination of the class notice in substantially the form and in the manner set forth in the Motion and the attachments thereto constitutes the best notice practicable in the circumstances, and satisfies the requirements of due process and Federal Rule of Civil Procedure 23. Freking & Betz and Carol S. Wood shall use their best efforts to commence dissemination of notice within thirty days (30) after the entry of

       this Order. Class counsel shall submit a certificate describing compliance with these notice requirements no later than five (5) days prior to the scheduled Fairness Hearing.

8. Any Class Member wishing to exercise the right to opt out of the Settlement must do so by informing the Clerk of Court, in writing, of his or her decision to do so on or before _____, 2004. Any Class Member opting out of the Settlement will be excluded from the benefits of the Settlement and will not receive any payments pursuant to the terms of the Settlement.

9. Upon receipt of any written notifications by Class Members of their intention to opt out of the Settlement, the Clerk of the Court will forward copies of such notifications to:

>Randolph H. Freking, Esq.
>Freking & Betz
>215 E. Ninth Street
>Fifth Floor
>Cincinnati, OH 45202
>Counsel for the Class
>
>Walter W. Christy, Esq.
>Frilot, Partridge, Kohnke & Clements, L.C.
>3600 Energy Centre
>1100 Poydras Street
>New Orleans, Louisiana 70163
>Counsel for Defendant

10. This Court will hold a Fairness Hearing to determine whether to grant final approval of the proposed Settlement on _____ at _____ a.m. in Room _____ of the U.S. Courthouse, 100 E. Fifth Street, Cincinnati, Ohio 45202. Any Class Member wishing to be heard at the Fairness Hearing must file with the Court and serve on

counsel a written notice of intent to appear, no later than 5:00 p.m. on

_____, mailed to the following:

>Kenneth J. Murphy, Clerk
>324 Potter Stewart Courthouse
>100 E. Fifth Street
>Cincinnati, OH  45202
>
>Randolph H. Freking, Esq.
>Freking & Betz
>215 E. Ninth Street
>Fifth Floor
>Cincinnati, OH  45202
>Counsel for the Class

And

>Walter W. Christy, Esq.
>Frilot, Partridge, Kohnke & Clements, L.C.
>3600 Energy Centre
>1100 Poydras Street
>New Orleans, Louisiana 70163
>Counsel for Defendant

11.     Any Class Member who has not opted out of the Settlement and who wishes to submit a written objection to any aspect of the Settlement may do so in writing without the necessity of retaining counsel or making any formal appearance, provided that, no later than 5:00 p.m. on _____, such comments are filed with the Court and mailed to the following:

>Kenneth J. Murphy, Clerk
>324 Potter Stewart Courthouse
>100 E. Fifth Street
>Cincinnati, OH  45202
>
>Randolph H. Freking, Esq.
>Freking & Betz
>215 E. Ninth Street
>Fifth Floor
>Cincinnati, OH  45202
>Counsel for the Class

4

And

Walter W. Christy, Esq.
Frilot, Partridge, Kohnke & Clements, L.C.
3600 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Counsel for Defendant

Class counsel shall submit their memorandum in support of final settlement approval by 5:00 p.m. on _____, and may submit a reply, and any supporting materials, to any comments or objections in advance of the Fairness Hearing. The Fairness Hearing may, from time to time, and without further notice to the class, be continued or adjourned by the Court.

    IT IS SO ORDERED.

Dated: _____, 2004.


                                  The Honorable Susan J. Dlott, Judge of the
                                  United States District Court for the
                                  Southern District of Ohio