UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| FRED LEICHT, | : | Case No. C-1-00-853 |
| Plaintiff, | : | (Judge Dlott) |
| v. | : | |
| AUTOZONE, INC. et al, | : | |
| Defendants. | | |

### MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF CLASS SETTLEMENT

**I. STATEMENT OF PROCEDURE AND FACTS**

Class representative Fred Leicht was, at all times material, an employee of Defendant AutoZone and worked as an hourly employee at its Glenway Avenue location (Store 705) in Hamilton County, Ohio. During the time that Class Representative Leicht worked at Store 705, his former supervisor, Rob Mooney, altered his time records, preventing payment of wages. During the course of discovery in this case, Mooney admitted to manipulation of employee time records. (Mooney Depo. at 29, 51.) He often used "failure to clock out" as a basis to get into the computerized time records and shave time off of those records. (Mooney Depo. at 60.) According to Mooney, this was done so that his weekly allotted hours for store operations would not run over.

In June of 2000, Mooney was caught after Class Representative Leicht complained to AutoZone. As part of AutoZone's investigation, AutoZone questioned

Mooney, and prepared a statement reflecting that interview, which indicates that Mooney also cut time if he thought an employee was not working productively.

> Q: We talked about where you would adjust time out for Zoners you felt were noncompliant with schedule or standing around causing them to be 8 minutes or 3 minutes over. Please explain?
>
> A: This time was adjusted to meet payroll.
>
> Q: Why was corrective action not used to correct this problem as opposed to just taking Zoners time away?
>
> A: Corrective action for this was not done because it is something that is done (not following schedule) every day. To many exceptions to may [sic] AutoZoners.

(Mooney Depo. Ex. 2.) As a result of the investigation conducted after Class Representative Leicht complained, Mooney was fired. Had Class Representative Leicht not brought this matter to AutoZone's attention, there is no reason to believe Mooney's deceptions would have stopped.

Class representative Leicht filed suit against AutoZone for the purpose of recovering wages lost by Mooney's improper conduct. In his suit, Class Representative Leicht sought a collective action designation under federal wage laws, and a class action designation under state wage laws. The first Motion For Designation of Count I as a Collective Action and For Certification of Count II as a Class Action, which had to be filed within 90 days of filing suit under the local rules of court, was denied. A discovery schedule was set by the Court, including a new deadline for re-filing the motion, after discovery was conducted. On April 15, 2002, Class Representative Leicht filed a second Motion For an Order Designating Count I (the FLSA claim) as a Collective Action and Certifying Count II as a Class Action. After Class Representative Leicht withdrew his request for designation of the FLSA claim as a collective action, this Court certified Count II as a class action, and defined

2

the class as consisting of "all persons who were employed by AutoZone at Store 705 in Hamilton County, Ohio at any time during the period beginning October 10, 1997 and ending June 30, 2000, whose employee time records have been altered." AutoZone sought reconsideration of this order, which was denied, and also sought leave to appeal the class certification designation to the Sixth Circuit, which also was denied.

Thereafter, the parties engaged in settlement discussions, which culminated in a proposed settlement that was tentatively approved by this Court on January 5, 2005. (Order Preliminarily Approving Settlement, and Approving Forms and Distribution of Notice to the Class Member).  In that Order, this Court incorporated by reference the parties' settlement agreement that had been submitted to the Court, and "amended" the class definition to make clear that class members consisted of *hourly* employees working at Store 705.  On January 18, 2005, Notice was sent to the Class Members, which consisted of 76 individuals who, according to the time records, had their time sheets altered during the identified time period.  (See Certificate of Compliance With Notice Requirements being filed separately with this memorandum).  On January 23, 2005, Notice was published in the Sunday edition of the Cincinnati Enquirer. (See Exhibit A attached to Certificate of Compliance.)  Class members were given up through April 1, 2005 to opt out of the class.  None have done so.  Class members were required to submit written objections to any aspect of the settlement on or before May 27, 2005.  None have done so.  Class members who wished to be heard at the Fairness Hearing were required to so advise the court on or before May 27, 2005.  None have done so.   Class Counsel and the Class Representative now submit this memorandum in support of final settlement, requesting that the Court make a final

3

determination as to the fairness of the settlement and give final approval to the settlement.

## II. FINAL APPROVAL OF THE SETTLEMENT SHOULD BE GIVEN BY THE COURT.

According to Federal Rule of Civil Procedure 23(e), a court:

> Must approve any settlement, voluntary dismissal, or compromise of the claims, issues or defenses of a certified class.

*Fed. R. Civ. P. 23(e)(1)(A).* Furthermore:

> The court may approve a settlement, voluntary dismissal, or compromises that would bind class members only after a hearing and on finding that the settlement, voluntary dismissal, or compromise is fair, reasonable, and adequate.

*Id. at § C. See also United States v. Jones & Laughlin Steel Corp.,* 804 F.2d 348, 351 (6th Cir. 1986); *Williams v. Vukovich,* 720 F.2d 909, 921 (6th Cir. 1983). It is our contention that the proposed settlement is fair, reasonable, and adequate, and in the best interest of the Class. Accordingly, we request that the Court give final approval to the settlement.

### A. Terms of the Settlement

The settlement preliminarily approved by this Court in January of this year settles all wage claims belonging to settlement class members who have not opted out of the class and who worked at Store 705 (the Glenway Avenue store) from October 12, 1997 through June 30, 2000 and whose time records were altered. Those class members who returned the proper forms to class counsel (there were 19 returned), would be qualified class members under the settlement, and will share in a settlement fund of $13,000.00, to be divided on a *pro rata* basis based on how long the employee worked at Store 705 during the October 12, 1997 to June 30, 2000 time

4

period. Class Representative Leicht, who was paid a sum of money from AutoZone during the course of this litigation to compensate him for time worked and for which he was not paid, will only share in the fund to the extent that his *pro rata* share exceeds $212.42, the amount he has already received from AutoZone as payment for lost wages.[1] Class Representative Leicht will receive reimbursement from AutoZone in the amount of $ 2883.36, which represents the amount that he advanced to pay the costs in the action. (See Exhibit B attached). Class Representative Leicht will also receive an additional payment of $ 2000.00 for the work that he performed in advancing this litigation and the settlement, and the risk that he took in bringing the action. AutoZone will pay all costs incurred to notify class members of the proposed settlement ($866.12). AutoZone will pay out of a separate fund $60,000.00 to class counsel as payment of their fees. In return for these payments, all unpaid wage claims against AutoZone and its employees and agents for the defined time period would be released.

### B. The Amount Paid To Class Members is Fair, Reasonable, Adequate, and in the Best Interest of the Class.

Under the proposed settlement, the $13,000.00 to be shared on a *pro rata* basis with the qualified class members is fair, reasonable, adequate and in the best interest of the class. In negotiating a fair and equitable settlement, Class Counsel made a few important assumptions. Specifically, Counsel assumed that most of the "written off" time by Mooney was done in one hour increments or less. This was in keeping with Class Representative Leicht's experience that Mooney shaved off small increments of

---

[1] Class Representative Fred Leicht was paid a total of $414.84 by AutoZone during the course of this litigation, which included $212.82 in liquidated damages that are allowable under his federal claim.

5

time, Mooney's assertion that he did this in small increments, and a human nature assumption that if Mooney had been removing substantial blocks of time from his employees, those employees would have been more likely to complain, because their dollar losses would be higher. There was no evidence that any complaints about Mooney's practices were made prior to Class Representative Leicht's complaint in the spring of 2000.

Having made these assumptions, counsel reviewed time records produced by defendants in discovery, looking specifically for entries removing an hour or less of time under the guise of "failure to clock out."[2] Focusing on these entries, Class Counsel figured that those employees lost collectively $4,760.27, during the relevant time period, making a settlement of $13,000.00 worth approximately 2 1/2 times as much as what the records show these people probably lost due to Mooney's actions. (See Napier Affidavit.) And, even if some employees may have had some time removed in increments greater than one hour, the settlement fund is sufficient to account for this as well. Furthermore, dividing the fund among qualified class members on a *pro rata* basis based upon how long each employee worked under Mooney, accounts for the fact that an employee was likely to lose more money the longer that he or she worked under Mooney.

Though Class Counsel was successful in getting the class certified, it is by no means certain that Counsel will be able to prove damages of class members at trial. Class Counsel acknowledges that there were likely circumstances when at least some

---

[2] Again, in Class Representative Leicht's experience, and according to Mooney's testimony, "failure to clock out" was the reason often used by Mooney to get into the computerized time records and remove time worked from an employee's record.

of the "failure to clock outs" appearing in the time records were legitimate removals of time based on the fact that the employee forgot to clock out. Short of employees keeping their own individual records of how much Mooney shorted them during this time period (which seems an unlikely thing to have retained after all of these years) it would be very difficult to establish which time removals were legitimate and which were not. It is possible that, if this case was to go to trial, the class's damages could, in significant part, prove too speculative to obtain recovery. The settlement fund of $13,000.00 more than compensates the class for money lost, when looking at time removals of an hour or less. It builds in a significant component to account for any time removed in increments of greater than one hour.[3] The settlement takes the guess work out of trying to prove damages at trial, eliminates risk, and gives class members most, if not all, of what they lost. It is telling that none of the class members have chosen to opt out or have filed any objections. Accordingly, the proposed settlement is fair, reasonable, adequate, and in the best interest of the class, and should receive final approval from this Court.[4]

### C. The Amount to be Paid to The Class Representative is Fair, Reasonable, Adequate, and in the Best Interest of the Class.

---

[3] Again, it seems highly unlikely that Mooney was shaving time off in increments of greater than one hour, since such would have had a greater impact on employee earnings and making it more likely that other employees would have complained. There was no evidence discovered to suggest that AutoZone received any employee complaints about Mooney's actions prior to Class Representative Leicht's complaint in the spring of 2000.

[4] Class Counsel also notes that while Class Representative Leicht was paid some money in reimbursement for his lost wages, under the settlement he shall only receive a share of the $13,000.00 settlement to the extent that his *pro rata share* exceeds that base of what he has already been paid. His earlier payment by AutoZone was doubled under the liquidated damage provision in the FLSA, and the portion reflecting liquidated damages will not be used as an offset, since it was a penalty for violation of federal law, and the class claims are brought under state law.

Under the terms of the settlement, Class Representative Leicht would be paid an additional $ 2000.00. An award to the class representative in a successful class action is not unusual. *See Thornton v. East Texas Motor Freight, 497 F.2d 416, 420 (6th Cir. 1974). See also In re Southern Ohio Correctional Facility, 175 F.R.D. 270 (1997).* In this case, Class Representative Fred Leicht came forward and expressed a desire to help all class members obtain payment of unpaid wages. Without Class Representative Leicht, none of Rob Mooney's wrongdoing would likely have been discovered, and no one would be recovering anything. Class Representative Leicht retained counsel and has pursued this matter diligently through several years of litigation, advancing more than $2,800.00 in costs to see that employees were compensated.

Not only did he advance the costs of the litigation, but Class Representative Leicht also has remained actively involved in pushing the litigation forward, and in working on this settlement. He has reviewed documents produced in discovery (particularly the all important time records), to assist counsel in understanding them. He has attended numerous proceedings in this action. He assisted in helping to find updated addresses of class members so that attempts could be made to re-send notices that were returned due to outdated addresses. He paid all of the costs of litigating this action personally, with no guarantee that any of those costs would be recovered. Under these circumstances, additional compensation to Class Representative Leicht is proper. Class Counsel believe that the $ 2000.00 payment to Mr. Leicht, contained in paragraph 11 of the Settlement Agreement, is fair, reasonable, adequate, and in the best interest of the class, and should be approved by the Court.

**D. Attorneys Fees to be Paid Under the Terms of the Settlement Agreement are Fair, Reasonable, Adequate and in the Best Interest of the Class.**

The amount of $60,000.00 in attorney fees, which is contained in the settlement agreement, is fair, reasonable, adequate, and in the best interest of the class. Ohio law contains a statutory provision allowing for the award of attorney fees in unpaid wage cases. *See Ohio Rev. Code §4111.10*. To date, Class Counsel have put in more than 256.6 hours in getting this case to where it is now. (See Napier Affidavit; Wood Affidavit.) Not only have Class Counsel prepared and filed the complaint, but Class Counsel also have engaged in substantial discovery, including taking six depositions, attending and defending Class Representative Fred Leicht's deposition, and reviewing several bankers boxes full of discovery documents, including time records for Store 705. Class Counsel had to prepare two motions for class certification, both of which were actively opposed by AutoZone. When the Court granted class certification, Class Counsel had to respond to AutoZone's motion for reconsideration, as well as to AutoZone's attempt to bring an interlocutory appeal to the Sixth Circuit. Class Counsel have engaged in settlement discussions, crafted the settlement that is at issue in the fairness hearing, took responsibility for drafting the various documents needed to have the class settlement approved, and conducted everything related to class notification. At each step, Class Counsel have been successful in advancing the class position.

An award of $60,000.00 breaks down to $233.83 per hour as an average attorney fee. In the case of *McDaniel v. Kammer, Case No. C-1-99-325 (May 15, 2001)* (copy attached as Exhibit A*)*, this Court found previously that a $350.00 per hour rate for Randolph Freking was reasonable. Carol Wood has been practicing law for almost 17

9

years. The average attorney fee is hardly excessive for that level of experience. What this Court has approved previously is more than the average hourly rate reflected in an agreed fee of $60,000.00. Given the amount of time spent on the case preparing the matter, the success that counsel have had in the briefs prepared and filed to date, and the successful result obtained for the Class, a $ 60,000.00 fee to be paid by AutoZone is fair, reasonable, adequate and in the best interest of the class.

The costs incurred to date in the litigation also are fair and reasonable. Six depositions have been taken, and $866.12 has been incurred to send notice to class members, as well as to provide notice by publication. These figures are well within what is considered fair and reasonable. Accordingly, we request that the court approve reimbursement of those costs to Class Counsel and to Class Representative Leicht by AutoZone.

## III. CONCLUSION

This is not a case in which settlement was sought without having obtained class certification or without having conducted significant discovery. Instead, the class has been set by prior court order, and significant discovery has been taken such that Class Counsel has a good idea of what can be proven at trial, and what will be difficult to establish. Based upon the evidence, the proposed settlement is close to (if not exceeds) what the class could reasonably expect to receive should the case go to trial and they win. The settlement eliminates risk to the class members. Clearly, the settlement is fair, reasonable, adequate, and in the best interest of the class. Accordingly, we respectfully request that the Court give final approval to the preliminarily-approved settlement.

Respectfully submitted,


  /s/ Randolph H. Freking
Randolph H. Freking (00009158)
Mark W. Napier (0019700)
Freking & Betz
215 E. Ninth Street
Fifth Floor
Cincinnati, Ohio 45202
Phone: (513) 721-1975
Fax: (513) 651-2570

and

Carol S. Wood (0040739)
3016 Lischer Avenue
Cincinnati, Ohio 45211
Phone: (513) 662-7227

COUNSEL FOR PLAINTIFF CLASS

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2005, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

  /s/ Randolph H. Freking